SAMUEL P. P. FAY, Judge of Probate, *vs.* QUINCY SYLVESTER, Administrator.

A testator gave the use and improvement of his estate, real and personal, to his wife, so long as she should remain his widow, and at her decease one half to his adopted daughter A. and the other half to his heirs at law; with a provision that, if his wife should marry again, then one half of said use and improvement should go to A. *Held*, that A. took a vested and assignable interest in both real and personal estate.

ACTION OF CONTRACT, brought by authority of the judge of probate, for the benefit of Asa S. Lewis, administrator *de bonis non* with the will annexed of Moses Shattuck, against the administrator of Ann Shattuck, on the probate bond executed by her on the 6th of June 1843, on being appointed executrix of the will of said Moses, her first husband. The parties submitted the case to the decision of the court upon the following facts :

The will of Moses Shattuck, dated November 28th 1838, and proved on the 6th of June 1843, contained the following provision : " As to all the residue and remainder of my estate, both real and personal, of every description, wherever found, I give the use and improvement of, to my beloved wife, Ann Shattuck, so long as she shall remain my widow ; and at her decease, one half I give to my adopted daughter, Alice Ann, and the other half shall be equally divided between my own relations, my heirs at law. And if my wife Ann Shattuck do marry again, then I do take from her one half given for her use and improvement, and give the same to my adopted child Alice Ann heretofore named, to be hers forever ; and the other half shall be to the use and improvement of my wife Ann Shattuck during her natural life, and then at her decease shall be equally divided between my own relations, heirs at law."

Alice Ann Shattuck was married to Wilbur F. Dale on the 1st of March 1846, and died on the 29th of January 1849. The said Alice and her husband, by their deed dated January 20th 1848, and duly executed and recorded, for the consideration of $4,000, granted, conveyed, released and quitclaimed to Ann Shattuck, to hold to her and her heirs, all the right, title, interest and expectation of them and each of them in all the estate,

real and personal, which was of Moses Shattuck at the time of his decease.

The heirs at law of Moses Shattuck, living at the time of his death, were two brothers and five sisters, and eight children of a deceased sister. The two brothers and three of the sisters, and five of the children of the deceased sister, before September 1847, by deeds duly executed and recorded, and for a valuable consideration, conveyed to Ann Shattuck all the right, title and interest which they severally held in the estate, real and personal, which was of Moses Shattuck.

Ann Shattuck paid all the debts of Moses Shattuck, and the charges of administration; and on the 6th of June 1846, rendered to the probate court an account of her administration, showing a balance in her hands of $13,582.51; and this account was allowed by the probate court. She has never been cited to settle any other account. On the 12th of July 1849, she was married to the defendant, and, on the 5th of July 1851, died intestate, without issue, leaving her father, Jonathan Bateman, her only heir at law. Said balance of $13,582.51 remained in her hands at the time of her intermarriage with the defendant; and she did not at any time pay over or account for said balance or any part thereof, otherwise than by purchasing and taking conveyances from Dale and wife and the testator's heirs, as above stated. The defendant in 1851 transferred and paid property and money to the amount of $2,522.94, as administrator of her estate, to Asa S. Lewis, administrator *de bonis non* of Moses Shattuck, and the husband of one of the two sisters of Moses who had not executed conveyances to Ann Shattuck as aforesaid. The defendant has not, as administrator of his wife or otherwise, accounted for or paid over any part of the remainder of said balance of $13,582.51; but refused to pay it over when demanded of him by said administrator *de bonis non*.

*J. G. Abbott & B. F. Butler*, for the plaintiff, cited *Emerson* v. *Cutler*, 14 Pick. 108; *Nash* v. *Cutler*, 16 Pick. 491, and 19 Pick. 67; *Russell* v. *Hoar*, 3 Met. 187; *Denny* v. *Allen*, 1 Pick. 147; *Pool* v. *Ward*, 21 Pick. 398; *Hancock* v. *Hancock*, 14 Pick. 70; *Blanchard* v. *Brooks*, 12 Pick. 47.

*J. Parker & F. A. Worcester*, for the defendant, cited *Shattuck v. Stedman*, 2 Pick. 468; *Childs v. Russell*, 11 Met. 16; *Winslow v. Goodwin*, 7 Met. 363; *Nash v. Cutler*, 16 Pick. 491; *Ferson v. Dodge*, 23 Pick. 287; *Dorr v. Wainwright*, 13 Pick. 328; *White v. Sawyer*, 13 Met. 546; *Brown v. Lawrence*, 3 Cush. 390; *Tillinghast v. Cook*, 9 Met. 143; *Daggett v. Slack*, 8 Met. 450; *Blamire v. Geldart*, 16 Ves. 314; *Monkhouse v. Holme* 1 Bro. C. C. 298; *Cousins v. Schroder*, 4 Sim. 23; *Benyon v. Maddison*, 2 Bro. C. C. 75; *Moore v. Lyons*, 25 Wend. 118, 144, 145; *Brinson v. Wharton*, 8 Ired. Eq. 80; *Rives v. Frizzle*, 8 Ired. Eq. 237; 1 Jarm. Wills, (1st Amer. ed.) 726–731.

SHAW, C. J.   This is an action on a probate bond, given by Ann Shattuck, the defendant's intestate, upon the occasion of her being appointed executrix of the will of her former husband, Moses Shattuck, who left no issue, but left collateral heirs.

By his will, he appointed his widow his executrix, and made a residuary devise and bequest of the whole of his real and personal estate to her for life, and, at her decease, one half in fee to his adopted daughter Alice, and the other to his heirs, who were two brothers, five sisters, and the eight children of a deceased sister.   But he adds, that if his widow marries, then her right to the use and improvement of both real and personal estate shall be reduced to one half; that Alice, the adopted daughter, shall be entitled to the same one half, including of course the use and improvement of it, from such marriage; as to the other half, the wife was still to have the use and improvement of that half, during her natural life, giving the remainder, at her decease, to his own heirs at law, as before.

The executrix proceeded to settle the testator's estate, by paying debts and charges, and in 1846, about three years after assuming the trust of executorship, she settled her account at the probate office, which was duly allowed and passed without objection, in which she charged herself with a balance of personal estate, amounting to $13,582.51.   She never settled any other account in her lifetime; she was never cited to settle an account, and there seems to have been no occasion when she could.   She had charged herself with a balance; but she was

entitled to the possession, use and enjoyment of it during her life unless she should marry again; and even after she should marry again, her title would be good against every one except Alice Ann, the adopted daughter, whose right to come into possession of the remainder would thereby become accelerated. But it appears that the widow, before her second marriage, had obtained from Alice, then married, and her husband, a grant, assignment and release of all their right, title and interest in said estate, including the remainder expectant on the decease of the widow. It appears also that, before her second marriage, she had by purchase, assignment and conveyance, obtained the interests of most of the heirs, entitled to remainders under the will, expectant on the determination of her life estate; but we are not aware that this fact is material. In July 1849 Mrs. Shattuck married the defendant, and in July 1851 she died.

We are unable to perceive, in this statement of facts, any breach of the condition of the bond of this executrix. The condition was in common form; to return an inventory, to render an account, and to administer the estate according to the will. It appears that she did return an inventory, and rendered an account, which, if not within the year, was received and passed without objection, and so a waiver of the matter of time. She was never cited, summoned or called upon by the probate court to state an account, nor does it appear that her administrator has been.

It is contended in behalf of the plaintiff, prosecuting by Asa S. Lewis, one of the heirs at law of Moses Shattuck, and administrator *de bonis non cum testamento annexo* of Moses Shattuck, appointed after the death of the executrix, that, in consequence of Alice Ann dying before the death or marriage of the widow, her right never vested, and the estate goes to the heirs at law of Moses. Whether it is intended to apply the principle to real or personal estate, we can have no doubt that the devise of real estate and the bequest of personal to Alice constituted a good vested remainder, and took effect from the death of the testator. Let us simplify it, and apply it to a sum of money. It is a present gift to one for life,

and at her decease to another; a plain vested remainder. It depends upon no event which the law regards as a contingency. Death must come to all; it is certain, though the time is proverbially contingent. The estate is continuous and uninterrupted; no right or interest can intervene; the moment the life estate is at an end, the remainder takes effect. Then, does it alter the result, that the gift may, upon the happening of a contingency, come into possession and enjoyment sooner; that is, that the particular estate may sooner determine? The vesting of the gift depends upon the will, and is not affected by the consideration, that the time of coming into possession is uncertain. Such a gift is, in law, what it appears on the face of it to be, a gift of property for life, determinable sooner by marriage. The gift to Alice being vested, would not fail by her own decease during the life, or before the marriage, of the tenant for life, but would go to her own personal representative. As another consequence, she might grant, sell and transfer it, with her husband, if married; and she could as well assign to the enant for life as to any other purchaser.

*Judgment for the defendant.*